**UNITED STATES of America, Plaintiff–Appellee,**

v.

**Juan OLIBAS–VALENZUELA, Defendant–Appellant.**

**No. 10–50175.**

United States Court of Appeals, Ninth Circuit.

Submitted Nov. 16, 2010.*

Filed Nov. 22, 2010.

* The panel unanimously concludes this case is suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).

Bruce R. Castetter, Assistant U.S., Office of the U.S. Attorney, San Diego, CA, for Plaintiff–Appellee.

Sean Coyle, Office of the U.S. Attorney, Daniel Earl Zipp, Assistant U.S. Office of the U.S. Attorney Erick L. Guzman, Esquire, Federal Defenders of San Diego, Inc., San Diego, CA, for Defendant–Appellant.

Before: TASHIMA, BERZON, and CLIFTON, Circuit Judges.

### MEMORANDUM **

Juan Olibas–Valenzuela appeals from the 12–month sentence imposed upon revocation of supervised release. We have jurisdiction under 28 U.S.C. § 1291, and we vacate and remand for resentencing.

Olibas–Valenzuela contends that the supervised release revocation procedures set forth in 18 U.S.C. § 3583(e)(3) violate *Apprendi v. New Jersey,* 530 U.S. 466, 120 S.Ct. 2348, 147 L.Ed.2d 435 (2000) and *United States v. Booker,* 543 U.S. 220, 125 S.Ct. 738, 160 L.Ed.2d 621 (2005). As Olibas–Valenzuela concedes, this contention is foreclosed by *United States v. Santana,* 526 F.3d 1257, 1262 (9th Cir.2008), and *United States v. Huerta–Pimental,* 445 F.3d 1220, 1225 (9th Cir.2006).

Olibas–Valenzuela further argues that the district court procedurally erred by failing to calculate and consider the applicable advisory Guidelines range. The record reveals that the district court committed a significant procedural error because it did not calculate the advisory Guidelines range, and neither the parties nor the probation office identified the applicable range. *See Gall v. United States,* 552 U.S. 38, 51, 128 S.Ct. 586, 169 L.Ed.2d 445 (2007); *United States v. Denton,* 611 F.3d 646, 651 (9th Cir.2010). The Government has not met its burden of showing that the error was harmless; therefore, we vacate the sentence and remand for resentencing. *United States v. Grissom,* 525 F.3d 691, 696 (9th Cir.2008) (stating that this court "will remand non-harmless procedural errors").

Because the district court's failure to calculate the advisory Guidelines range requires remand for resentencing, it is unnecessary to address Olibas–Valenzuela's remaining claims of procedural error at sentencing.

**VACATED and REMANDED for resentencing.**

---

** This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36–3.